**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1596-19

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

LEE JOHNSON,
a/k/a DUVAL JOHNSON,

    Defendant-Appellant.

_____

Submitted January 26, 2022 – Decided March 15, 2022

Before Judges Gilson and Gooden Brown.

On appeal from the Superior Court of New Jersey, Law Division, Hudson County, Indictment No. 05-03-0305.

Lee Johnson, appellant pro se.

Esther Suarez, Hudson County Prosecutor, attorney for respondent (Stephanie Davis Elson, Assistant Prosecutor, on the brief).

PER CURIAM

Defendant Lee Johnson appeals from the denial of his third petition for post-conviction relief (PCR). We affirm because the petition was procedurally barred under Rule 3:22-4(b)(2) and Rule 3:22-12(a)(2).

In 2006, a jury convicted defendant of twelve crimes stemming from a murder committed during an armed robbery. The most serious convictions were for first-degree murder, N.J.S.A. 2C:11-3(a)(1) and (2); and first-degree attempted murder, N.J.S.A. 2C:5-1. That same year, defendant was sentenced to an aggregate term of life in prison plus twenty-five years subject to periods of parole ineligibility and parole supervision as required by the No Early Release Act, N.J.S.A. 2C:43-7.2. That sentence was run consecutive to sentences defendant was serving on unrelated convictions.

Defendant filed a direct appeal from his convictions and sentence. We, however, rejected defendant's arguments and affirmed. State v. Johnson, Nos. A-5330-06 and 6330-06 (App. Div. Apr. 9, 2010). The Supreme Court denied certification. State v. Johnson, 203 N.J. 440 (2010).

Defendant then filed his first PCR petition, which was denied by the Law Division in an August 18, 2011 order. Defendant appealed, we affirmed, and the Supreme Court denied certification. State v. Johnson, No. A-2085-11 (App. Div.), certif. denied, 216 N.J. 15 (2013).

In August 2012, defendant filed his second PCR petition. He argued that his first PCR counsel had failed to develop and submit facts showing that his trial counsel rendered ineffective assistance. The second PCR court denied that petition and we affirmed. State v. Johnson, No. A-4224-12 (App. Div. Apr. 23, 2015). The Supreme Court denied certification in 2015. State v. Johnson, 223 N.J. 354 (2015).

Three years later, in 2018, defendant filed a third PCR petition. On December 3, 2018, the Law Division denied that petition without hearing oral argument or conducting an evidentiary hearing. Defendant now appeals from the December 3, 2018 order.

Defendant's third petition raised nine arguments contending that his trial counsel was ineffective. Specifically, defendant articulates the arguments presented to us as follows:

> GROUND I – TRIAL COUNSEL AS WELL AS CO-DEFENDANT'S WERE UNDER INVESTIGATION AT THE TIME OF TRIAL AND BECAUSE OF THIS FACT DEFENDANT WAS DENIED A FAIR TRIAL WITH APPROPRIATE DUE PROCESS. THIS CONFLICT OF INTEREST VIOLATED DEFENDANT'S CONSTITUTIONAL RIGHTS TO FAIR TRIAL.
>
> GROUND II – TRIAL COUNSEL WAS INEFFECTIVE FOR FAILURE TO VOIR DIRE THE

A-1596-19

JURY. THIS VIOLATED DEFENDANT'S CONSTITUTION RIGHTS TO FAIR TRIAL.

GROUND III – TRIAL COUNSEL FAILURE TO FILE ANY MOTIONS VIOLATED DEFENDANT'S CONSTITUTIONAL RIGHT TO FAIR TRIAL.

GROUND IV – TRIAL COUNSEL WAS DECEITFUL AND DISHONEST. AT THE TIME OF THE CRIME DEFENDANT WAS VERY YOUNG AND HIS MIND WAS NOT FULLY DEVELOPED, AND [HE] LACKED EXPERIENCE AND LACKED GOOD JUDGMENT. THE LAWYER TOOK ADVANTAGE OF DEFENDANT.

GROUND V – TRIAL COUNSEL WAS STRESSED BECAUSE OF CONFLICT DUE TO THE FACT HE HIMSELF WAS UNDER INVESTIGATION AT THE TIME OF DEFENDANT'S TRIAL. THIS VIOLATED DEFENDANT'S CONSTITUTIONAL RIGHT TO A FAIR TRIAL.

GROUND VI – TRIAL COUNSEL FAILED TO CONDUCT ANY INVESTIGATION. THIS VIOLATED DEFENDANT'S CONSTITUTIONAL RIGHT TO FAIR TRIAL.

GROUND VII – TRIAL COUNSEL WAS INEFFECTIVE FOR FAILURE TO PURSUE THE ISSUE OF A HARSH AND EXCESSIVE SENTENCE.

GROUND VIII – TRIAL COUNSEL WAS INEFFECTIVE FOR PERMITTING CASE TO GO TO TRIAL WITHOUT FULL DISCOVERY. THIS VIOLATED DEFENDANT'S CONSTITUTIONAL RIGHT TO FAIR TRIAL.

GROUND IX – TRIAL COUNSEL DID NOT MEET WITH [DEFENDANT] TO DISCUSS [HIS] CASE. DEFENDANT NEVER HAD A CONFERENCE ABOUT THE EVIDENCE OR THE CASE. THIS VIOLATED DEFENDANT'S CONSTITUTIONAL RIGHT TO FAIR TRIAL.

All of defendant's arguments are barred under Rule 3:22-12(a)(2) and Rule 3:22-4(b)(2). Those rules set out the time limitation and grounds for dismissing a second or subsequent PCR petition. They provide that a defendant has one year to raise arguments concerning a new constitutional rule, the discovery of the factual predicates for the relief sought, or the ineffectiveness of PCR counsel.

The appellate proceedings on defendant's second PCR petition were completed in 2015 when the Supreme Court denied certification. Defendant filed his third PCR petition three years later. He does not allege that the petition relies on a new rule of constitutional law. He also does not complain of ineffective assistance of his prior PCR counsel. Instead, defendant raises arguments concerning the ineffective assistance of his trial counsel. The alleged failures of trial counsel could have been discovered years before his third PCR petition was filed. Accordingly, defendant failed to meet the requirements of Rule 3:22-4(b)(2) and Rule 3:22-12(a)(2).

Affirmed.

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION

A-1596-19